UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE LEVON JOSEPH,

                    Petitioner,

-vs-                                                    Case No.  8:03-cv-1499-T-24TGW

JAMES V. CROSBY, JR.,

                    Respondent.

_____/

## **ORDER**

This cause is before the Court on Petitioner Shane Levon Joseph (Joseph's) 28

U.S.C. § 2254 petition for writ of habeas corpus.  Joseph challenges his convictions and

sentences entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough

County, Florida.

BACKGROUND

On April 12, 1994, Joseph entered a guilty plea to: 1) two counts of robbery with a

firearm; one court of attempted murder with a firearm; and one count of grand theft of a

motor vehicle in state circuit court case number 93-14654; 2) two counts of robbery with

a firearm; nine counts of robbery with a firearm; one count of aggravated assault with a

firearm; one count of attempted robbery; and two counts of grand theft in state circuit case

number 93-15813; and, 3) one count of robbery in state circuit court case number 94-4585.

(Exh. 35).

On May 13, 1994, at a hearing before the Honorable Barbara Fleischer, state court

trial judge, Joseph confirmed that he understood he was giving up his right to have the

court sentence him as a juvenile.  Joseph testified that no one had promised or threatened him to sign the written waiver giving up such rights. (Exh. 2, pp. 27-28).

On May 27, 1994, the state trial court sentenced Joseph to an <u>aggregate</u> prison sentence of twenty-two years, suspended after twenty years, and two years probation,  with a three-year minimum mandatory prison term.  Sentences on all counts ran concurrently. Joseph did not pursue a direct appeal. (Exh. 35).

On June 24, 1994, Joseph filed a motion to withdraw his plea.  (Exh. 3).  On July 5, 1994, the state trial court, after holding an evidentiary hearing on the motion, orally denied Joseph's motion to withdraw his guilty plea. (Exh. 5, p. 10).  The record shows that Joseph filed a second motion to withdraw his plea, which he signed August 14, 1994.  The motion was stamped, "Received, September 20, 1994."  The motion was endorsed, "Denied, 9/26/94." (Exh. 6, p. 1)  Joseph appealed. (Exh. 7).  On March 17, 1995, the state district court of appeal per curiam affirmed the state trial court's order denying the withdrawal of the plea.  (Exh. 8) <u>Joseph v. State</u>, 652 So. 2d 824 (Fla. 2d DCA 1995) [Table].

On April 12, 1996, Joseph filed a Rule 3.850 motion for post-conviction relief.  (Exh. 11).   First, he alleged that his plea was involuntary because he did not understand the nature and consequences of his plea. Second, he alleged his trial counsel was ineffective for promising Joseph that he would only serve two to three years in prison as a youthful offender. Third,   Joseph alleged the state trial court failed to consider the suitability of juvenile sanctions.

On September 26, 1996, the state trial court summarily denied the Rule 3.850 motion. (Exh. 12) The state trial court denied, as successive, Joseph's involuntary plea and

ineffective assistance of counsel claims because Joseph raised the claims in his previously filed motion to withdraw plea.   The state trial court also found that, after a thorough discussion with trial counsel and his mother, Joseph had waived his right to be treated as a juvenile. In addition, the state trial court found that, at the previous hearing, the state trial court had addressed each of the factors "delineated by state law," and that, "after careful examination," the court had imposed adult sanctions.

Joseph appealed the adverse order. (Exh. 14).  On January 9, 1998, the state district court of appeal per curiam affirmed the denial of relief.  (Exh. 15). Joseph v. State, 711 So. 2d 540  (Fla. 2d DCA 1998) [Table]. On February 11, 1998, Joseph filed a motion for rehearing which the state district court of appeal denied March 4, 1998. (Exh. 17).

On June 19, 1998, Joseph signed a motion to correct illegal sentence that was filed June 22, 1998. (Exh. 18).   Joseph alleged that the state trial court violated his due process rights by failing to inform him of state statutory requirements regarding imposition of adult sanctions.

On August 5, 1998, the state trial court denied the motion to correct illegal sentence. (Exh.19).  The state trial court found that Joseph's claim alleging that the state trial court failed to determine whether adult sanctions were suitable for him had been raised previously in Joseph's motion for post-conviction relief filed on April 12, 1996 (Exh. 11), and had been addressed in the order denying the post-conviction motion. (Exh. 12).

The state trial court determined, based on the record, that Joseph's waiver of his rights to be treated as a juvenile was knowing and voluntary. The state trial court found Joseph had been adequately informed of his statutory rights and that the state trial court,

at the previous hearing, had ensured that his waiver of his rights to be treated as a juvenile was knowing, voluntary, and intelligent.

Joseph filed a motion for rehearing. (Exh. 20).  The state trial court denied the motion on September 10, 1998. (Exh. 21).

Joseph appealed (Exhs. 22 and 23), and on October 23, 1998, the state district court of appeal per curiam affirmed the denial of relief.  (Exh. 24). <u>Joseph  v. State</u>, 727 So. 2d 924 (Fla. 2d  DCA 1998). Joseph's motion for rehearing was denied November 9, 1998. (See Exhs. 26 and  27).

On June 9, 1999, Joseph filed a  motion to correct Illegal sentence alleging that his sentences were illegal because the court imposed simultaneous terms of imprisonment and probation in three of his cases. (Exh. 28).  On November 3, 1999, the state trial court denied his motion to correct illegal sentence. (Exh. 29).

Joseph appealed the order denying his motion to correct illegal sentence in state circuit case number 93-15813. (Exh. 30). On January 14, 2000, the state district court of appeal reversed and remanded for a new sentencing hearing. (Exh. 31). <u>Joseph v. State</u>, 752 So. 2d 656 (Fla. 2d DCA 2000). The state district court of appeal stated:

> Joseph pleaded guilty to fifteen felony counts in one information. Because of the attachments to the motion, we address only counts one through thirteen. The court sentenced Joseph to twenty-two years in prison on count one, suspended after twenty years, followed by two years' probation. On counts two through nine, eleven and twelve, the court sentenced Joseph to twenty-two years in prison, suspended after three years, followed by nineteen years, probation on each count. The court sentenced Joseph on count ten to fifteen years in prison, with a three-year minimum mandatory.  On count thirteen, the court sentenced Joseph to twenty-two years in prison, suspended after twenty years, followed by two years' probation. All of the sentences were to run concurrently.

It is well settled that probation cannot be imposed concurrently with a sentence of incarceration. See Benjamin v. State, 705 So. 2d 126 (Fla. 2d DCA 1998). The trial court's order denying Joseph's motion to correct illegal sentence reflects that the sentencing court intended all of the probation periods to start at the same time, thus avoiding any conflict with the incarcerative portions of the sentences. Such an interpretation is impossible. The probation period on counts two through nine, eleven and twelve should begin after Joseph serves three years in prison. At that time, however, he would still be incarcerated on counts one, eleven and thirteen, in violation of Benjamin.

752 So. 2d at 656-657.  Joseph filed a motion for rehearing. (Exh. 32)  The state district court of appeal denied Joseph's motion for rehearing on February 1, 2000. (Exh. 33).[1]

On February 7, 2000, Joseph filed a motion to withdraw plea. (Exh. 39). On that same date, he filed an amended motion to withdraw plea adding a third ground. (Exh. 40). Joseph raised three grounds for relief:

1. The trial court did not formally accept the Defendant's guilty plea, therefore it does not bind the Defendant.

2. The trial court failed to inform the Defendant before plea that the charges would result in a mandatory minimum sentence in case no. 93-15813 and 93-14654.

3. The trial court breached the plea agreement by entering illegal sentences, the pleas are therefore voided and Defendant must be allowed to withdraw them.

The record reflects that the Honorable Barbara Fleischer, state court trial judge, held a hearing on the motion on August 31, 2000. (See attachment to Exh. 65). The motion to

---

[1] On February 24, 2000, Joseph filed, in the state district court of appeal, a petition for belated appeal. (Exh. 45). Joseph sought a belated appeal of the order denying his motion to correct illegal sentence with respect to state circuit court case numbers 93-14654 and 94-4585.  On April 4, 2000, the state district court of appeal denied the petition in case number 2D00-527. (Exh. 46). Joseph v. State, 757 So. 2d 506 (Fla. 2d DCA 2000).

withdraw plea was denied September 11, 2000. (Exh. 41).[2]  Joseph appealed.  (Exh. 42).

The state district court of appeal affirmed the denial of relief on October 10, 2001. (Exh.

43).  <u>Joseph v. State</u>, 808 So. 2d 221 (Fla. 2nd DCA October 10, 2001) [Table].

On March 1, 2002, Joseph filed a "post-conviction petition for writ of habeas corpus"

in the state trial court.  (Exh. 47).  The state trial court summarily denied the petition on

June 20, 2002. (Exh. 48).  Joseph appealed and the state district court of appeal per

curiam affirmed the denial of relief on November 1, 2002. (Exh. 54).  On December 12,

2002, Joseph filed a petition for writ of habeas corpus in the Florida Supreme Court. (Exh.

55).  The Florida Supreme Court dismissed the petition for lack of jurisdiction on January

17, 2003. (Exh. 56).

On January 27, 2003, Joseph filed a "petition to correct illegal sentence" in the state

trial court.  (Exh. 57). On February 9, 2003, Joseph filed a "post-conviction petition for writ

of habeas corpus" in the state trial court. (Exh. 58)  The state trial court summarily denied

both petitions on February 28, 2003. (Exh. 59).  Joseph appealed.  The state district court

of appeal per curiam affirmed on July 2, 2003. (Exh. 60).   Joseph timely filed the present

federal petition for writ of habeas corpus on July 14, 2003, the date the petition was signed.

STANDARD OF REVIEW

Because Joseph filed his petition after April 24, 1996, this case is governed by 28

U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA).  <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001); <u>Henderson v. Campbell</u>, 353 F.3d

_____

[2] The record does not contain a copy of the transcript of Joseph's resentencing hearing.  However, Joseph states that he was resentenced on September 11, 2000, pursuant to <u>Joseph v. State</u>, 752 So. 2d 656 (Fla. 2d DCA 2000). (See Exh. 57, p. 1, ¶ ¶ 3, 4, 5).

880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

## A.

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838,  842 (1999). See also, Henderson v. Campbell, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden v. Singletary, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting Duncan v. Henry,  513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review.  "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing O'Sullivan, 526 U.S. at 845).  This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance.  O'Sullivan, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Smith v. Jones, 256 F.3d at 1138.  "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson v. Campbell, 353 F.3d at 891(quoting Judd v. Haley, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances.  First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.

Henderson v. Campbell, 353 F.3d at 892; Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995).  To show "'prejudice,"  Joseph must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."   Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982). Joseph must show that there is at least a reasonable probability that the result of the proceeding would have been different.  Henderson v. Campbell, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."  Henderson v. Campbell, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (2001) (citing Calderon v. Thompson, 523 U.S. 538, 559 (1998); Murray v. Carrier, 477 U.S. 478,  495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent").  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon, 523

U.S. at 559 (quoting <u>Schlup</u>, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The <u>Schlup</u> Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. <u>Schlup</u> 513 U.S. at 324.  This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." <u>Ward v. Cain</u>, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

<u>No Presumption that State Court Ignored Its Procedural Rules</u>

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal.  Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. <u>See Coleman</u>, 501 U.S. 722,  735-36 (1991);  <u>Kight v. Singletary</u>, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); <u>Tower v. Phillips</u>, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

**B.**

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).  "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court

precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10;

Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.  See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4  (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

**C.**

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.   28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.   The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.   Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)).  Williams v. Taylor, 529 U.S. at 433-34.

**D.**

**Ineffective Assistance of Counsel Claims**

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient,  i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   Id. at 687-88; see also, Wiggins v. Smith, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S.

at 690).  This judicial scrutiny is "highly deferential."  Id. at 477.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90; Bell v. Cone, 535 U.S. 685, 698 (2002).  Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001); Meeks v. Moore, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination.  Parker v. Head, 244 F.3d at 835-837.  "[T]he Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims."  Williams, 529 U.S. at 391.

## E.

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings.  Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir.1992).  To the extent that a federal question is raised in the federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court.  Anderson v. Harless, 459 U.S. 4, 6-8 (1982).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in Chapman v. California, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief

based on trial error unless they can establish that it resulted in 'actual prejudice.'" <u>Brecht</u>, 507 U.S. at 637. Although no constitutional error has occurred in Joseph's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

DISCUSSION

A review of the record demonstrates that, for the following reasons, Joseph's petition must be **DENIED**.

Ground One

Joseph claims that he was not advised of rights under section 39.059, Florida Statutes (1993). This is not an accurate statement of the record. Prior to his plea to the various charges,  Joseph signed a waiver of his rights under section 39.059. (Exh. 1). His attorney explained the document to him and to Joseph's mother, who was in court with him. (Exh. 2 , pp 8-9). The state trial court, prior to accepting Joseph's plea, discussed the rights Joseph was waiving. (Exh. 2,  pp. 27-28)

Though Joseph states that no evidentiary hearing was held on this claim, the issue was discussed during the July 5, 1994, hearing on Joseph's first motion to withdraw his plea. (Exh. 5).  In addition, Joseph's claim that his counsel was ineffective for not helping Joseph was discussed at the hearing as was Joseph's claim that his attorney made various representations about the sentence Joseph would receive.  (Exh. 5,  pp. 5-6).

Under oath, Joseph's trial counsel, Rick Terrana, testified that he explained the ramifications of the plea to Joseph prior to the entry of the plea. Joseph's mother was present. (Exh. 5, p. 8).  Terrana testified that the state trial court had conducted an

extensive colloquy about the ramifications of the waiver of being treated as a juvenile. Counsel testified that he was very specific about the amount of jail time Joseph could receive in light of his testimony in the case and that Joseph would probably be sentenced at the upper end of the guidelines. (Exh. 5, p.9).

The trial court then stated:

> I'm satisfied that you, Mr. Joseph, didn't get the sentence that you wanted because, um, of the way you testified in the trial, and because of my total assessment about what you would do and wouldn't do.
>
> And, um, I'm satisfied that, um, Mr. Terrana did everything that he represented he did before this Court, and the record is very clear about what he did on your behalf and what he didn't. I don't think he misled you, I think you don't like your sentence.
>
> I certainly can understand why you don't like your sentence, um, but you earned every bit as far as I'm concerned, and um, I'm not going to allow you to withdraw the plea because I think you entered it knowingly, willingly, um, and voluntarily and, um, this motion is denied.

(Exh. 5, p. 9-10).

On April 9, 1996, Joseph signed a motion seeking post-conviction relief under Florida Rule 3.850. (Exh. 11). He alleged he did not understand the consequences of his plea, and that his plea was not knowing and voluntary because he pled based on the promises his attorney made.  The state trial court, in denying the motion, stated that Joseph had raised grounds one and two in a previously-filed motion and at an evidentiary hearing regarding his motion to withdraw his plea,  The state trial court found that the claims were successive.

In addition, the state trial court found that the state trial court had previously fully addressed each factor set out in Florida Statutes, Section 39.059(7)(c) (1993) in

determining the suitability for adult sanctions in Joseph's case.   The state trial court referenced the transcript of the May 27, 1994, sentencing hearing. (Exh. 12).[3]

### Sentencing Is a Matter of State Law

Whether Joseph's sentence is legal under state law is solely a matter for the Florida courts to resolve. Federal courts cannot review issues based solely upon state law. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983). Even when a petition that actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. See  Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976). Federal relief is available to correct only constitutional injury. Wainwright v. Goode, 464 U.S. 78 (1983); Engle v. Isaac, 456 U.S. 107, 119 (1982).

Ground One does not warrant habeas corpus relief.

### Ground Two

Joseph alleges he was denied due process because he was not advised of the consequences of his plea. He claims he was never told that, because a firearm was used during the commission of the felonies to which he pled, a mandatory minimum sentence of three years applied. This claim has no merit.

At the April 1994 plea hearing,  the Court informed Joseph of the maximum penalties that could be imposed for the charges.  The Court did not, however, inform Joseph of the minimum mandatory requirement for the use of a firearm. (Exh. 41, p. 10).  Because the record did not reflect that Joseph was made aware of the possible penalties in each of his

---

[3] See Exh. 66 at pp. 3-7.

cases and discussed the penalties with his counsel, the Court held an evidentiary hearing on this issue on August 31, 2000. (Exh. 65).  At the hearing, Attorney Terrana testified as to his discussions with Joseph regarding the mandatory minimum sentence requirements. Attorney Terrana stated that initially he had no independent recollection of discussing the minimum mandatory penalties with Joseph, as Terrana no longer had his office files pertaining to Joseph.  (Exh. 65, pp. 5, 8 ).  However, after he reviewed the state court file containing Joseph's plea agreement and several transcripts, including the proceedings at which he had previously provided the Court with testimony regarding Joseph's guilty plea, Attorney Terrana recalled "very clearly" discussing the mandatory minimum requirements of counts one through thirteen in case 93-15813 prior to Joseph's entering his open guilty plea. (Exh. 65, pp. 4-11).

Joseph has not presented clear and convincing evidence to refute this testimony. Accordingly, Ground Two does not warrant habeas corpus relief.

### Ground Three

Joseph claims his waiver of rights was  unknowing, with no insight into the criteria for determining suitability for adult sanctions. At the sentencing hearing on May 27, 1994, the trial court specifically discussed the criteria set forth in F.S. 39.059(7)(c) and made findings. (Exh. 66, ps. 3-7)  In addition, Joseph signed a specific written waiver. (Exh. 1) Joseph raised this issue in repeated post-conviction motions filed in the state trial court and appealed, without success.

In addition this claim raises only a matter of state law that has been decided more than once by the state courts in Joseph's case. Where a state court's adjudication of a

claim of ineffectiveness of counsel represents the resolution of an underlying state law issue, the Court owes a very high degree of deference to that determination. See Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984), modified, 731 F.2d 1486, cert. denied, 469 U.S. 956 (1984). " [F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Ground Three does not warrant habeas corpus relief.

Ground Four

Joseph alleges his trial counsel was ineffective in not moving to suppress Joseph's statement to the police. Joseph claims he was pressured and coerced to give the statement and that the authorities made promises to him to compel his statement.

Joseph's claim that he raised the question of a motion to suppress in his post-conviction motion of September 18, 1996, is not accurate. In that motion, Joseph claimed his counsel was ineffective because: 1) Joseph was misinformed about his rights as a juvenile; 2) promises were made to him that counsel had a special deal for him to serve only two or three years; and, 3) counsel implied Joseph still had the right for the trial court to consider whether adult sanctions were suitable. (Exh. 11).

Joseph first raised the claim of ineffective assistance of counsel for failing to file a motion to suppress his statement to the police in a state petition for writ of habeas corpus filed in the state trial court in March 2002. (Exh. 47). This petition was filed almost eight years after his plea and well beyond the State's two year limit for filing 3.850 attacks on his conviction.

In addition, the state petition for a writ of habeas corpus was successive. Joseph has not provided any reason for not raising the suppression issue in the Florida courts in a timely fashion. Even had Joseph filed his 2002 claim in the form of a Rule 3.850 motion, the motion would have been procedurally barred by the two-year limit of Rule 3.850. Whiddon v. Dugger, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), cert. denied, 498 U.S. 834, (1990)), and by the state's successive petition doctrine. See Pope v. State, 702 So. 2d 221, 223 (Fla. 1997) (successive post-conviction motions filed after expiration of time limit must be based on newly discovered evidence). If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992); Jackson v. Herring, 42 F.3d 1350, 1355 (11th Cir.), reh. denied, 51 F.3d 1052 (11th Cir. 1995).

When a petitioner has defaulted his claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation, or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722 (1991). Joseph has not shown cause and prejudice to overcome the procedural default and has not shown that failure of this Court to consider the claims will result in a fundamental miscarriage of justice. Finally, Joseph has not raised a colorable claim of actual innocence.

Ground Four does not warrant habeas corpus relief.

Ground Five

Joseph alleges the state trial court lacked jurisdiction to enter judgment because the State, in at least one of Joseph's cases, proceeded by indictment. Joseph claims that the State's doing so deprived him of due process because, as a juvenile, he had a right to be treated different from the way an adult would be treated.

Section 39.022(5)(c), Florida Statutes (1993) provides that a child of any age charged with a violation punishable by death or life in prison may be indicted by a grand jury. Two of the charges in case number 93-14654 were for robbery with a firearm, in violation of F.S. § 812.13(1) and 2(a).  These crimes are felonies of the first degree punishable by life in prison.  In case number 93-15813, Joseph was charged by indictment with committing fourteen additional counts of robbery with a firearm. Based upon the charges in the two indictments, the indictments were proper.

Joseph does not allege how his due process rights were violated. Since he was properly indicted in the first two of the eighteen cases to which he pled, pursuant to Florida law, his due process rights were not violated. There is nothing in this record to suggest the state trial court gained jurisdiction over Joseph in any way other than the return of an indictment. See Brazill v. State, 845 So. 2d 282, 287-288 (Fla. 4th DCA 2003):

> Brazill first contends that his due process rights were violated because he was denied the "rehabilitative aspect of juvenile court" solely because the state decided to procure an indictment.
>
> However, there is no absolute right conferred by common law, constitution, or otherwise, requiring children to be treated in a special system for juvenile offenders.  See In re Gault, 387 U.S. 1, 16, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); State v. Cain, 381 So.2d 1361, 1363 (Fla.1980); Johnson v. State, 314 So.2d 573, 576 (Fla. 1975) (noting that it was within legislative authority pursuant to Article I, Section 15(b) of the Florida

Constitution, to create an exception where children would be treated as adults).

Under Article I, Section 15 (b), a "child," as defined by "law," may be charged "with a violation of law as an act of delinquency instead of [a] crime." Art. I, § 15(b), Fla. Const. As the supreme court has explained, this provision means that "a child has the right to be treated as a juvenile delinquent only to the extent provided by our legislature." Cain, 381 So. 2d at 1363. The legislature has the power to determine who, if anyone, is entitled to treatment as a juvenile. Id.; see also Woodard v. Wainwright, 556 F.2d 781, 785 (5th Cir.1977) (finding that "treatment as a juvenile is not an inherent right but one granted by the state legislature, therefore the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved").

Because section 985.225 implicates no fundamental constitutional right, the applicable test for reviewing a substantive due process challenge to the statute is the rational-basis standard of review. See Shapiro v. State, 696 So.2d 1321,1326-27 (Fla. 4th DCA 1997). Under this standard, a presumption of constitutionality attaches to a statute; the burden is on the party challenging the statute to establish that the statutory proscription lacks a rational relationship to a legitimate governmental interest. See Chicago Title Ins. Co. v. Butler, 770 So.2d 1210, 1214-15 (Fla.2000) (challenging party must prove that the statute in question is discriminatory, arbitrary, or oppressive for there to be a violation of due process under the rational-basis standard); Fla. Dep't of Agric. & Consumer Servs. v. Haire, 836 So.2d 1040, 1050 (Fla. 4th DCA 2003); State v. Sobieck, 701 So.2d 96, 103 (Fla. 5th DCA 1997).

Section 985.225 is related to the state's interest in crime deterrence and public safety. The statute provides treatment as an adult for those offenses serious enough to be punishable by life imprisonment or death. Such crimes are the most violent or dangerous offenses against persons. It is not unreasonable for the legislature to treat children who commit serious crimes as adults in order to protect societal goals. Accord State v. Perique, 439 So.2d 1060, 1064 (La.1983). The legislature could reasonably have determined that for some crimes the rehabilitative aspect of juvenile court must give way to punishment. As the fifth circuit wrote when considering the predecessor statute to section 985.225:

> Doubtless the Florida legislature considered carefully the rise in the number of crimes committed by juveniles as well as the growing recidivist rate among this group. The legislature was entitled to conclude that the parens patriae function of the

> juvenile system would not work for certain juveniles, or that society demanded greater protection from these offenders than that provided by that system. <u>Woodard</u>, 556 F.2d at 785 (footnotes omitted).

<u>Brazill v. State</u>, 845 So.2d at 287-288.

To the extent that Joseph claims his counsel was ineffective in relation to this claim, Joseph has not met his burden under <u>Strickland</u> to show that his counsel was ineffective. Nor has Joseph shown that the state trial court lack jurisdiction to enter judgment.

Ground Five does not warrant habeas corpus relief.

Ground Six

Joseph alleges that the state trial court should have appointed counsel to represent him when he filed his motion to withdraw his plea and for the hearing held on the motion, since he claimed his trial counsel "did not help him through the case."

Regardless of whether the trial court should have appointed counsel for Joseph at his July 5, 1994, hearing on his motion to withdraw his plea, Joseph filed a second motion to withdraw his plea, and a hearing was held on August 31, 2000. At that hearing, Joseph was represented by counsel and essentially the same arguments were raised at the August 31, 2000 hearing that were raised at the July 5, 1994 hearing.  (See Exhs. 5 and 65).

As relief, Joseph seeks a de novo hearing on his motion to withdraw his plea. However, as can be seen by a comparison of the hearings held July 5, 1994 (Exh. 5) and August 31, 2000 (Exh. 65), a de novo hearing has already been held, the motion ruled on and an appeal taken and decided.

To the extent that Joseph has raised any claims of ineffective assistance of counsel in Ground Six, Joseph has not met the <u>Strickland</u> standard to show that counsel was ineffective.[4]

Ground Seven

Joseph alleges that he had a right to be heard on his own behalf and to call witnesses when he was resentenced after the mandate of the state district court of appeal. This claim has no merit.  The sentences imposed by the state trial court after the remand merely clarified when the probationary sentences would commence.  This Court notes that the state district court of appeal, in remanding, recognized what the trial court intended. (See Opinion of the Second District Court of Appeal,  Exh. 31).

Furthermore,  there was no reason for Joseph to be present at the resentencing, and he cannot show prejudice because he was not present. Reconsideration or correction of a portion of the sentence can be remedied on remand, provided the modification does not make the sentence more onerous, "but the whole [sentencing] process need not start anew."  <u>United States v. Tamayo</u>, 80 F.3d 1514,1518-1519 (11th Cir. 1996).

--------

[4] Joseph, on page 21 of his petition refers to a memorandum of law where he sets out a claim of ineffective assistance of counsel for failing to file a motion to suppress. The Court has examined the transcript of the July 5, 1994, hearing and has found nothing to show that Joseph claimed his counsel was ineffective for failing to file a motion to suppress.

Joseph improperly attempted to raise a substantive claim of ineffective assistance of counsel in his 2002 state petition for writ of habeas corpus. (Exh. 67). The claims in the petition were summarily denied. The state district court of appeal per curiam affirmed. Therefore, it should be presumed the state court's decisions rest on independent and adequate state procedural grounds. <u>Harmon v. Barton</u>, 894 F. 2d at 1270 (where state trial court finds procedural default, state appellate court's silent affirmance is a finding of procedural default by the last state court to rule on the question), <u>cert. denied</u>, 111 S.Ct. 96 (1990) .

Finally,  Joseph's claims of ineffective assistance of counsel were not timely and properly raised in his 1996 Rule 3.850 motion, and also on collateral appeal in 2d DCA case no. 97-04702, which was per curiam affirmed. (Exh. 15). <u>Joseph v. State</u>, 711 So. 2d 540 (Fla. 2d DCA 1998) [table].

Ground Seven does not warrant habeas corpus relief.

Ground Eight

Joseph alleges he could not have been adjudicated guilty on attempted premeditated murder because his co-defendant fired the shots on a sudden impulse. Joseph first raised this claim in a state petition for writ of habeas corpus filed in the state trial court February 12, 2003. (Exh. 67). The bases of this claim are alleged facts not found in the record.

Because this issue should have been raised on direct appeal or in a Rule 3.850 motion, see Betts v. State, 792 So. 2d 589 (Fla. 1st DCA 2001), Joseph is procedurally barred from raising the claim in this federal petition for writ of habeas corpus.

Additionally, Joseph fails to show that the state decision was an unreasonable application of Supreme Court precedent. The applicable standard of review of the sufficiency of the evidence is whether the evidence presented, viewed in a light most favorable to the state, would have permitted a rational trier of fact to find the petitioner guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). A federal habeas court must presume that the jury resolved any evidentiary conflicts in favor of the prosecution and against the defendant. Heath v. Melton, 863 F.2d 815, 820 (11th Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985).

In the present case, Joseph pled guilty after a co-defendant's trial, at which Joseph testified.  Joseph acknowledged at  the sentencing hearing in May 1994, that Joseph's testimony was not candid. (Exh. 2, p. 5) Joseph never denied his involvement in the crimes to which he pled. (Exh. 3, p. 9).

The state court findings of fact are presumed correct under § 2254(e)(1). Joseph has not overcome the presumption by clear and convincing evidence.  It is objectively reasonable to conclude that Joseph's  "proposed testimony as to who fired the shots and why" would not be dispositive in any defense Joseph could raise.

Ground Eight does not warrant habeas corpus relief.

### Conclusion

Joseph's federal petition for writ of habeas corpus is lengthy and incorporates a memorandum of law in the petition itself.  The Court has studied the federal petition and the state court record.  The Court has found no basis for any claim of ineffectiveness of trial counsel or any claim of state trial court error.

Accordingly, the Court orders:

That Joseph's petition for writ of habeas corpus is denied, with prejudice.  The Clerk is directed to enter judgment against Joseph and to close this case.

ORDERED at Tampa, Florida, on June 24, 2005.

SUSAN C. BUCKLEW
United States District Judge

Counsel of record
Shane Levone Joseph